762 F.2d 1010
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES MULLINS, JR., PETITIONER-APPELLANT,
v.
HOWARD G. COOK, RESPONDENT-APPELLEE.
 NO. 84-5393
 United States Court of Appeals, Sixth Circuit.
 4/16/85
 
 On Appeal from the United States District Court for the Middle District of Tennessee
 Before: ENGEL and KEITH, Circuit Judges; and COHN,* District Judge.
 PER CURIAM.
 
 
 1
 James Mullins, Jr., appeals the denial of his habeas corpus petition filed in the United States District Court for the Middle District of Tennessee. On appeal, Mullins concedes that the issues raised in his petition were heard and denied on the merits in earlier habeas petitions he brought, but he claims that the trial court erroneously found that a rehearing of those claims would not serve the ends of justice.
 
 
 2
 In March, 1971, then sixteen-year-old Mullins was tried as an adult and convicted of five unrelated burglaries. On November 10, 1977, he was convicted of second degree burglary and grand larceny in a Tennessee state court. At that time the court also found that Mullins was a habitual criminal because of the 1971 and 1977 convictions and enhanced his sentence to life imprisonment. From 1979 through 1982, Mullins filed four petitions for a writ of habeas corpus in the Tennessee state courts. Mullins also filed four habeas petitions under 28 U.S.C. Sec. 2254 in the federal courts. Each of these petitions was denied. The denial of the fourth federal habeas petition filed on April 28, 1984 in the United States District Court for the Middle District of Tennessee is at issue here. That petition contained four different arguments that Mullins' conviction constituted cruel and unusual punishment. Judge Nixon denied the fourth petition on the grounds that the issues raised by Mullins had already been heard and determined adversely to him and that under the test in Sanders v. United States, 373 U.S. 1 (1963), rehearing would not serve the ends of justice. This appeal followed.
 
 
 3
 On appeal, Mullins concedes that the grounds raised in the fourth federal petition were also raised and denied in his third federal petition. However, Mullins claims that rehearing is justified because the denial of his third petition was in error. In that third petition Mullins claimed cruel and unusual punishment, that he was not read his rights when he was arrested in 1971, ineffective assistance of counsel in 1971, and improper joinder of the burglary charges in 1971. Judge Taylor of the United States District Court for the Eastern District of Tennessee had denied Mullins' third petition, finding that his first two claims were without merit and that consideration of his remaining two claims was barred by his failure to raise the issues in the Tennessee courts. Mullins asserts that his failure to seek review of the last two issues in the state courts may be excused because his last state habeas petition was filed pro se and he was unable to properly brief his case himself.
 
 
 4
 Although appellant's court-appointed attorney now seeks to litigate issues concerning the competency of Mullins' counsel in the state court, it is apparent that this issue may not be considered in this appeal. The only issues raised in the district court, and hence properly before us, relate to petitioner's claim that his enhanced sentence of life-imprisonment under Tennessee's habitual criminal statute violated his right to be free of cruel and unusual punishment under the Eighth Amendment of the Constitution as made applicable to the states by the Fourteenth Amendment. Because these issues had previously been heard and determined adversely to petitioner in earlier federal habeas proceedings, we conclude that Judge Nixon did not abuse his discretion in finding that justice would not be served by entertaining the claims once more in this habeas case.
 
 
 5
 One additional ground for rehearing Mullins' cruel and unusual punishment claim should be considered. It appears that in Solem v. Helm, 463 U.S. 277 (1983), the Supreme Court adopted a less rigorous standard in the application of the Eighth Amendment. However, it also appears that Solem did not overrule Rummel v. Estelle, 445 U.S. 263 (1980). Rummel, which was relied upon by a district court in earlier proceedings in the instant case, is directly on point here, and we find that Rummel applies to bar Mullins' Eighth Amendment claim because Mullins' life sentence, as in Rummel but not Solem, was subject to the parole provisions of state law. Therefore, we conclude that it is not necessary to remand this case for a determination of whether Solem (which was not considered by the district judge) might require a rehearing of appellant's habeas claims. It is clear that a rehearing would not serve the ends of justice.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The Honorable Avern Cohn, United States District Court for the Eastern District of Michigan, sitting by designation